32458. SCOTT *et al.* v. ROYAL INDEMNITY COMPANY.

DECIDED MAY 10, 1949.

*J. Ralph McClelland Jr., George & John L. Westmoreland,* for plaintiffs.

*Tye, Thomson & Tye, John S. Bell,* for defendant.

TOWNSEND, J.  (After stating the foregoing facts.)  In order for the petition to withstand the general demurrer, it must appear either that the plaintiff Scott has stated a cause of action in his own right against the defendant, or that one or the other or both of the other plaintiffs have set out a cause of action against the defendant in favor of themselves, to which the plaintiff Scott lawfully succeeds.

As pointed out by the trial judge in his well-prepared memorandum opinion, there being no statute of this State giving the right to any injured person to recover the proceeds of a liability insurance policy issued for the protection of another, it is necessary to look to the policy itself, a copy of which, by amendment, is annexed to the petition and made a part of it, in order to determine whether the plaintiff Scott has set out a cause of action, or whether either or both of the other plaintiffs have set out a cause of action for the use of Scott.

There is no privity of contract whatever between the plaintiff Scott and the defendant.  The policy contains no provision authorizing a suit to be brought directly by him.  Under no theory can this action be maintained by Scott in his own name.

The plaintiff, Yarbrough Motor Company, is the named insured.  One of the conditions of the policy is that "no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, or until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." There is no allegation in the petition that the amount of the obligation of the named insured has been finally determined, either by judgment against the insured after actual trial, or by agreement of the insured, the claimant, and the company.  Indeed the petition fails to

allege that there has become any obligation or liability on the part of the insured. By the express terms of the policy such determination is a condition precedent to the liability of the plaintiff. It follows that no action is set out in the petition by the plaintiff, Yarbrough Motor Company, for the use of the plaintiff Scott.

Liability against Roper and in favor of Scott was fixed in an action brought by the latter against the former at $15,000. See *Roper* v. *Scott*, 77 *Ga. App.* 120 (48 S. E. 2d, 118).

In order to determine whether or not the policy covers Roper, it is necessary to consider the pertinent provisions relating to coverage. Item I under the declarations of the policy is as follows. "Name of insured, Yarbrough Motor Co."

Under "Insuring Agreements" appears "Coverage A," as follows: "To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of such of the operations hereinafter defined as are indicated by specific premium charge or charges in item 4 of the declarations."

Operations within the meaning of this insuring agreement of the policy, so far as here material, are defined as follows: "The ownership, maintenance, occupation or use of the premises herein designated, including the public ways immediately adjoining, for the purpose of an automobile dealer or repair shop, and all operations either on the premises or elsewhere which are necessary and incidental thereto, including repairs of automobiles or their parts, and ordinary repairs of buildings on the premises, and the mechanical equipment thereof; and the ownership, maintenance or use of any automobile for any purpose in connection with the above defined operations, and also for pleasure use."

Under the definition of "Insured," the policy contains the following: "The unqualified word 'insured' wherever used includes not only the named insured but also any partner thereof, if the named insured is a partnership, or any executive officer thereof, if the named insured is a corporation, provided such

partner or officer is active in the declared operations. The provisions of this paragraph do not apply: (a) to any partner of the named insured with respect to bodily injury to or death of any partner thereof; (b) to any executive officer of the named insured with respect to any action brought against such officer because of bodily injury to or death of another employee of the named insured injured in the course of such employment; (c) to any executive officer of the named insured or by a member of the family of any such person."

Attached to the policy are endorsements extending the coverage in the original policy. Endorsement No. 262117 provides for coverage of J. E. Yarbrough, President, for personal liability, etc., and further "that the coverage extended to such named person is limited to the operations (pleasure and business) of any automobile owned by or in charge of the garage other than an automobile owned by a member of his family or by said President."

Endorsement No. 2623-1 extends coverage to the legal liability of certain members of the family of J. E. Yarbrough named therein, which endorsement does not include the plaintiff Roper.

Another endorsement No. 262118 states that the "estimated annual payroll includes the actual remuneration of all employees of the insured engaged in the business therein described, and includes all managers, automobile salesmen, active executive officers, and proprietors, but not to exceed $2000 each per annum." According to the policy, the payroll formed the basis of computing the premium of the policy and was not intended to enlarge the terms of the contract or extend the term "insured" to include anyone other than those so named in the policy as insured.

Counsel for the plaintiffs in their brief contend that the question to be determined here is, whether or not the employee of the insured has a beneficial interest under the policy when liability is incurred by such employee while acting within the scope of his employment with such insured corporation. Counsel further contend that there is no question of agency, or whether or not Roper was acting for the corporation at the time the liability was incurred, and they admit that there was no judgment against the named insured, Yarbrough Motor Company.

It follows, therefore, that since we are not dealing with the question of agency, the liability of the plaintiff, if any, for the tort of Roper, must, as has hereinbefore been pointed out, arise out of the policy of insurance. The pertinent parts of the policy hereinbefore set forth can in no way be construed so as to make the policy of insurance cover Roper. Under an insurance policy obligating an insurer to pay sums which the insured motor company should become obligated to pay because of legal liability for damages caused by accident and defining the word "insured" as including, not only the named insured, but any partner thereof if a partnership, and any executive officer thereof if a corporation, the insurer is not liable for the amount of a judgment against the named insured's employee for damages caused by an automobile accident, as he is not an "insured" under the terms of the policy, although the premiums are based on salaries received by the named insured's employees. See Schmierer v. Mercer, supra; Poisson v. Travelers Ins. Co., supra.

Counsel for the plaintiffs cite Georgia Casualty Co. v. Waldman, 53 Fed. 2d, 24. The policy in that case by specific terms was so extended as to be available in the same manner, and under the same provisions as it is available to the named insured, to any person or persons while riding in or legally operating the automobile covered by it provided such operation was with the permission of the named insured.

The plaintiffs also cite Royal Indemnity Co. v. Watson, 61 Fed. 2d, 614. The operator of the automobile in that case had rented the same from the insured. Judgment was obtained against the renter. Upon a nulla bona return of the execution based on that judgment, the plaintiff sued the insurance company and recovered because the policy of insurance covered the holder and licensees, renters, and drivers of the automobile covered by it.

On the question of the right of the plaintiff Scott to have the suit maintained for his use and benefit by Yarbrough and Roper, he cites American Surety Co. of New York v. County of Bibb, 162 Ga. 388 (134 S. E. 100). However, it was there held that the suit could not be maintained for the use and benefit of a materialman in the name of Bibb County because, under the

210

terms of the bond in that case, no indemnity was provided on behalf of the materialman. It follows that none of the cases cited in brief of counsel for the plaintiffs is applicable here.

The petition fails to state a cause of action against the defendant either on behalf of the plaintiff Scott or on behalf of either of the other plaintiffs suing for his use. The judgment of the trial court sustaining the general demurrer and dismissing the petition is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*