## 55542. HILLEY v. TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA.

QUILLIAN, Presiding Judge.

The instant appeal involves the interpretation of the provisions of a group life insurance policy.

Plaintiff's husband, Henry G. Hilley, died on September 28, 1976 while an employee of Mercer University and an insured of the defendant, Teachers Insurance & Annuity Association of America, under a group life insurance policy. The plaintiff brought suit against the defendant insurance company to recover an outstanding balance of $5,000 in group life insurance benefits, which sum was in excess of $10,000 in benefits already paid by the defendant to the plaintiff.

Under the schedule of insurance contained in the policy as adopted on August 1, 1966, one earning $5,000 but less than $8,000 annual salary was covered by $10,000 of life insurance prior to age 65, and one earning $8,000 but less than $11,000 was covered by $15,000 of life insurance prior to age 65. An endorsement to the policy replaced the old schedule of insurance with a new one, but contained a "grandfather" clause which reads: "Provided, however, that for an employee insured prior to August 1, 1975, the amount of life insurance at any date on or after August 1, 1975 will not be less than the amount of life insurance provided on July 31, 1975 under the Schedule of Insurance which this Schedule replaces."

On July 31, 1975, Mr. Hilley had an annual salary of $7,842. This was increased beginning July 1, 1976 to an annual salary of $8,249, which amount Mr. Hilley was earning on the date of his death at age 64.

The defendant filed a motion for summary judgment which was granted by the trial court and appeal was

taken to this court.

Under the new schedule, effective August 1, 1975, the benefits available as a result of the employee's death were less than prior thereto. Thus, the "grandfather" clause is applicable. The question presented being what amount of insurance was in effect.

The defendant argues the "grandfather" clause is designed so that the benefits provided would not be less under the new schedule than the benefits available on July 31, 1975, and therefore, in this case, since Mr. Hilley was insured for $10,000 on July 31, 1975 (having at that time a salary of $7,842) that was the sum to which his beneficiary is entitled. The plaintiff contends the clause provides that as to those insured on July 31, 1975 the old schedule is carried forward and is therefore applicable. Thus, under that schedule the benefits were $15,000 at Mr. Hilley's death (since the deceased had a salary of $8,249 at that time).

It is evident that both constructions, as advanced by the proponents, are reasonable in light of the language utilized. In our interpretation of the policy provisions we are guided by the principle that where the language contained therein is susceptible to two or more constructions we adopt that which is most favorable to the insured. *Ga. Farm Bureau &c. Co. v. Coleman,* 121 Ga. App. 510 (174 SE2d 351); *Southeastern Fid. Ins. Co. v. McDonald,* 125 Ga. App. 394 (188 SE2d 162).

We are not unmindful that there was proof offered that the intent of the parties (the group insurer and deceased's employer) was that the benefits previously available would not be decreased by the new schedule. Nevertheless, any intent as to the precise situation here presented was not positively shown. By using the language "not less than the amount of life insurance provided on July 31, 1975 under the Schedule of Insurance which this Schedule replaces," the scrivener of the provision opened it up to the interpretation that the schedule was to be retained and not just the benefits then available.

It was error to grant the defendant's motion for summary judgment.

*Judgment reversed. Webb and McMurray, JJ.,*

712

*concur.*

ARGUED MARCH 7, 1978 — DECIDED APRIL 20, 1978.

*Westmoreland, Patterson & Moseley, Rudolph N. Patterson,* for appellant.
*Heyman & Sizemore, Patrick J. Swindall, William B. Brown, William H. Major,* for appellee.