## 57431. HICKS v. SHEA et al.

UNDERWOOD, Judge.

Plaintiff brought this action against two defendants designated in the complaint as "Daniel L. Shea, and Georgia Mental Health Institute, Georgia Department of Human Resources, State of Georgia" (hereafter GMHI), seeking to recover for the wrongful death of her son who was killed in an automobile incident while attending a therapeutic program sponsored by GMHI. It was alleged that the decedent was riding as a passenger in an automobile owned by GMHI being driven by its employee Shea; that GMHI had insurance on the automobile; and that it had thereby waived governmental immunity to the extent of that insurance as provided by Code Ann. § 56-2437.

GMHI asserted the doctrine of governmental immunity in a motion to dismiss which the trial court granted, and the case is here for review via transfer from the Supreme Court after improper appeal to that court. We affirm.

1. While plaintiff enumerates error on the part of the lower court "in issuing an order dismissing the action against appellee Daniel L. Shea," it appears that she misapprehends the purport of that order. Shea made no motion to dismiss, and the trial court dismissed only GMHI. Consequently no error appears with respect to this enumeration.

2. It further appears that plaintiff misapprehends the statute applicable to this proceeding. While she relies upon Code Ann. § 56-2437 providing for waiver of governmental immunity to the extent of motor vehicle liability insurance, that section applies only to "a municipal corporation, a county, or any other political subdivision of this State" which procures the insurance. Here, however, plaintiff clearly alleges that GMHI "is an agency of the State of Georgia" (see Code Ann. § 88-115; Ch. 99-35), and accordingly the applicable statute is that found at Code Ann. § 89-932: "The State Supervisor of Purchases, for and in behalf of all departments, boards, bureaus, agencies and instrumentalities of the State, shall secure a blanket or group liability insurance policy

which shall provide to State employees, up to the limit specified in the policy, protection from liability for damages arising out of the operation of any State owned motor vehicle, or any motor vehicle owned by any agency or instrumentality of the State, by any State employee during the course of his employment. Such policy shall in no manner provide for protection from liability to the State or any of its agencies or instrumentalities, and nothing contained herein shall be construed in any manner whatsoever to waive the sovereign immunity of the State or any of its agencies or instrumentalities."

It follows that although there may be applicable liability insurance in force pursuant to this statute, insofar as the vehicle and Shea are concerned, by its very terms the statute precludes a finding of waiver of governmental immunity as to GMHI. Consequently, the trial court was correct in dismissing it from the case.

*Judgment affirmed. Webb, P. J., and Banke, J., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED MARCH 16, 1979.

*Sartain & Carey, Jefferson W. Willis,* for appellant.
*Arthur K. Bolton, Attorney General, John C. Jones, Assistant Attorney General,* for appellee.