## 62301. ALLEY v. GREAT AMERICAN INSURANCE COMPANY.

POPE, Judge.

Deborah Jo Alley brought this action against Orville L. Menges to recover damages she incurred as the result of a collision between a vehicle in which she was a passenger and a truck operated by Menges, an employee of the State of Georgia. At the time of the collision Menges was operating 2 1/2 ton truck owned by the United States Army. Menges filed a third-party action against both Allstate Insurance Company, his personal insurer, and against Great American Insurance Company, insurer of the employees of the State of Georgia. Both insurers filed motions for summary judgment. The trial court entered an order which granted Allstate's motion for summary judgment on the ground that Menges was operating a "non-owned" vehicle in the course of his employment, an exclusion from the coverage provided under Allstate's policy with Menges; no appeal was taken from that order. Subsequently, the trial court entered an order granting Great American's motion for summary judgment on the ground that the policy provided coverage on state-owned vehicles and those under long-term lease to the state but did not include the federally owned truck operated by Menges at the time of the collision. Alley brings this appeal from that order, contending that a material question of fact remained as to whether the truck operated by Menges at the time of the collision was under a

long-term lease to the State of Georgia.

The evidence of record showed that Menges was a state merit system employee at the time of the collision. He was employed by the National Guard Training Center (NGTC) at Fort Stewart as a maintenance worker. The State of Georgia contracts annually with the federal government to furnish facilities and logistical support for National Guard and Army Reserve units training at Fort Stewart. NGTC is charged with implementing this contract on behalf of the state. As a part of this contractual arrangement the federal government provides, at no cost, approximately 25 federally owned motor vehicles to the state for use by NGTC in the performance of services under the contract. These vehicles are hand receipted by the supervisor of NGTC from the federal Organizational Maintenance Shop (OMS) No. 6 in Hinesville, Georgia. Although subject to recall at any time, these vehicles usually remain in the custody and control of NGTC for the life of the vehicle — up to 5 years, depending on use. OMS provides all vehicle maintenance; NGTC provides only the operators, gasoline and oil. At the time of the collision Menges was operating one of these federally owned vehicles in the course of his employment at NGTC.

By statute state employees shall be provided with group liability insurance which provides, up to the limit specified in the policy, protection from liability for damages arising out of the operation of any state-owned motor vehicle by the state employee during the course of his employment. Code Ann. § 89-932.[1] Pursuant to this statute Great American issued a policy in which it agreed: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." The insured was defined as follows: "a) With respect to the insurance for bodily injury liability and for property damage liability, the unqualified [word] 'insured' includes (1) any employee of the State of Georgia while operating an automobile owned by the state, or leased by the state under long term agreement . . ." In addition to several standard exclusions from liability contained in the printed portion of the policy (the automobile when used as a public conveyance, liability assumed under contract, the automobile when used for towing, etc.), several other exclusions were typed on an endorsement thereto. These additional exclusions provided that coverage under the policy did not

---

[1] This statute does not constitute a waiver of governmental immunity by the state or any of its agencies or instrumentalities. *Hicks v. Shea,* 149 Ga. App. 396 (2) (254 SE 2d 511) (1979).

apply: "a) To any insured while engaged in the business of his employer with respect to bodily injury to a fellow employee of such employer injured in the course of his employment; b) To any automobile owned by such employee of the State of Georgia, any instrumentality (authority) or the spouse, or any resident of the same household of such employee or spouse; c) To any insured while employed in or otherwise engaged in duties in connection with an automobile business; d) To any automobile while used in the business or occupation of the named employee except an automobile operated or occupied by such employee; e) Under Division 1 of Coverage C, to bodily injury to or sickness, disease or death of any employee of the State of Georgia if benefits therefor are in whole or in part either payable or required to be provided under workmen's compensation law, or any workmen's compensation self insurance program."

The truck being operated by Menges at the time of the subject collision was neither owned by nor leased to the state but, rather, was a bailment which conveyed no property interest in the truck to the state but a mere right to use. Code Ann. §§ 12-101, 85-802. Although not included specifically for coverage under the terms of the policy issued by Great American, neither was a truck such as the one herein excluded specifically from coverage. The issue presented for resolution in this case is whether the subject insurance policy provided liability coverage to a state employee who, during the course of his employment, operated a motor vehicle which was neither owned by nor leased to the state.

We begin with the proposition that an insurance policy, even when ambiguous, is to be construed by the court, and no jury question is presented unless an ambiguity remains after application of applicable rules of construction. *American Cas. Co. v. Crain-Daly Volkswagen, Inc.,* 129 Ga. App. 576 (2) (200 SE2d 281) (1973). Ambiguity in an insurance policy may be defined " 'as duplicity, indistinctness, an uncertainty of meaning or expression.' " *Tarbutton v. Duggan,* 45 Ga. App. 31 (5) (163 SE 298) (1931). Applying the circumstances of the collision in this case to the subject insurance policy, the term "insured" as defined therein can fairly be denoted indistinct, uncertain, and therefore ambiguous. Compare *Fireman's Fund Indem. Co. v. Mosaic Tile Co.,* 101 Ga. App. 701 (115 SE2d 263) (1960); *Scott v. Royal Indem. Co.,* 79 Ga. App. 204 (53 SE2d 384) (1949). "The cardinal rule of construction is to ascertain the intention of the parties." Code Ann. § 20-702. Great American contends that the coverage was intended to cover *only* vehicles directly owned by or leased to the state. In support of its motion for summary judgment, Great American submitted the affidavit of the state's program director charged with obtaining insurance under Code Ann. § 89-932.

The program director stated that neither the statute nor the subject policy was intended to cover state employees operating federally owned vehicles which had been loaned to NGTC at no cost and that this intent was made known to and was agreed to by Great American. However, this extrinsic evidence was admissible to explain the ambiguity only if the ambiguity remained after the pertinent rules of construction had been applied. *Davis v. United Am. Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488) (1959). When construing the terms of an insurance policy as to the extent of the liability of the insurer, great caution is necessary in applying the legal maxim that the express mention of one thing implies the exclusion of another.[2] See *Sovereign Camp W. O. W. v. Heflin,* 188 Ga. 234 (3) (3 SE2d 559) (1939). "Exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." Krug v. Millers' Mut. Ins. &c., 209 Kan. 111 (2) (495 P2d 949) (1972); *Mut. Life Ins. Co. v. Bishop,* 132 Ga. App. 816 (1) (209 SE2d 223) (1974); Home Indem. Co. v. Village of Plymouth, 146 Ohio St. 96 (2) (64 NE2d 248) (1945).

We are guided in this case by the rule of construction that where the language contained in an insurance policy is susceptible to two or more constructions, the one most favorable to the insured will be adopted. *Greer v. IDS Life Ins. Co.,* 149 Ga. App. 61 (1B) (253 SE2d 408) (1979); *Hilley v. Teachers Ins. &c.,* 145 Ga. App. 710 (244 SE2d 645) (1978); see Code Ann. § 20-704 (5). The subject policy is clearly susceptible to two constructions, the most favorable to the insured of which does not exclude motor vehicles on loan to NGTC while operated by state employees during the course of their employment. Had Great American and the State of Georgia intended to limit recovery *solely* to situations involving motor vehicles owned by or leased to the state, more apt and definitive wording would undoubtedly have been employed. Furthermore, even though Code Ann. § 89-932 mandates coverage only for state-owned motor vehicles, the subject policy provided coverage which included motor vehicles leased to the state as well as those owned by the state. There is nothing in the statute which proscribes such broader coverage. Cf. *Thames v. Piedmont Life Ins. Co.,* 128 Ga. App. 630 (1) (197 SE2d 412) (1973). Accordingly, we conclude that Menges was not excluded from liability coverage under the terms of the subject policy because at the time of the collision herein he was operating a truck on loan to,

[2] Expressio unius est exclusio alterius.

rather than owned by or leased to, the state. Since no ambiguity remains after application of the applicable rule of construction, the affidavit of the state's insurance program director was inadmissible to vary the terms of the policy. See *Davis v. United Am. Life Ins. Co., supra.*

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 19, 1981 —
REHEARING DENIED DECEMBER 4, 1981 —

*Billy N. Jones,* for appellant.
*John Pirkle, Luhr Beckmann, Jr., Andrew J. Hill,* for appellee.