### 65006. HUGGINS v. GEORGIA DEPARTMENT OF TRANSPORTATION.

CARLEY, Judge.

Appellant-Huggins sued appellee-Georgia Department of Transportation for personal injuries arising out of a collision with a Department vehicle parked on an interstate highway. Appellee filed a motion to dismiss, citing numerous grounds. The motion to dismiss was granted on the basis of sovereign immunity and appellant appeals.

Appellant first argues that Code Ann. § 95A-304 (a) constitutes a waiver of sovereign immunity which allows DOT to be sued in a negligence action such as the instant case. This contention has been rejected in *Andrews v. Dept. of Transp.,* 133 Ga. App. 78 (1) (210 SE2d 30) (1974) and *Counihan v. Dept. of Transp.,* 162 Ga. App. 374 (1) (290 SE2d 514) (1982). "There was no intent by the General Assembly [in enacting Code Ann. § 95A-304 (a)] to waive immunity and permit suits for torts against the Department of Transportation." *Andrews v. Dept. of Transp.,* supra at 79. See also *Sikes v. Candler County,* 247 Ga. 115, 117 (2) (274 SE2d 464) (1981); *Crowder v. Dept. of State Parks,* 228 Ga. 436, 438 (1) (185 SE2d 908) (1971); *Roberts v. Barwick,* 187 Ga. 691, 693 (1) (1 SE2d 713) (1939); *Tounsel v. State Hwy. Dept.,* 180 Ga. 112, 116, 118-119 (178 SE 285) (1935).

Appellant also relies upon Code Ann. § 56-2437 which provides for waiver of governmental immunity to the extent of the amount of motor vehicle liability insurance purchased by "a municipal corporation, a county or any other political subdivision of this State . . ." Code Ann. § 56-2437 (2). The Department of Transportation, as a state agency (see Code Ann. § 95A-302), does not come within the ambit of this statutory provision. *Hicks v. Shea,* 149 Ga. App. 396 (2) (254 SE2d 511) (1979). See Code Ann. § 89-932; *Alley v. Great American Ins. Co.,* 160 Ga. App. 597, 598 fn. 1 (287 SE2d 613) (1981).

The trial court did not err in granting appellee's motion to dismiss.

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 24, 1983.

C. Wheeler Huggins, *pro se.*
Michael E. Hobbs, *Assistant Attorney General,* for appellee.