A91A0561. CALLAWAY et al. v. LANDMARK AMERICAN
INSURANCE COMPANY.
(405 SE2d 721)

BIRDSONG, Presiding Judge.

This is the appeal of a declaratory summary judgment granted to the defendant Landmark American Insurance Company, who is insurer for defendant Elbert County, and of the denial of summary judgment to the plaintiffs. The plaintiffs filed separate damage suits against Elbert County and others on account of two incidents resulting in the death of John David Kitchen in May 1988, and the injury of G. Neal Callaway, Jr., in August 1988, when their respective vehicles drove off the end of County Road 77 where a bridge had been removed. The bridge, which had been an overpass of the railroad track of CSX Transportation, Inc., was dismantled about 1979, and barricades were erected. According to the plaintiffs in the damage suits, these "barricades" consisted of piles of dirt which obscured the vision of the oncoming driver; according to defendants, the barricades were of rock and dirt and "dead end" signs were placed at the ends of the road and on the barricades. The plaintiffs were joined in this action for the purpose of Landmark's motion for declaratory summary judgment, which sought a declaration that its insurance policy excluded these claims from coverage. *Held:*

Appellants contend the policy exclusion either does not apply, or is ambiguous and uncertain and must be construed in favor of coverage. See *United States Fire Ins. Co. v. Capital Ford Truck Sales,* 257 Ga. 77 (355 SE2d 428); *Alley v. Great American Ins. Co.,* 160 Ga. App. 597 (287 SE2d 613).

The exclusion appears on two endorsements. Form Number UND543 provides "the classification 'governmental subdivisions — not state or federal' embraces all premises and operations exposures of the insured except the following which are subject to separate classification and rating. Coverage is excluded unless so classified and

rated: . . . (k) Streets, roads, highways or bridges — *existence hazard only* (including signs, meters, signals, etc.)." (Emphasis supplied.)

The following endorsement was added: "It is hereby agreed and understood that Form Number UND543, Item K is amended to read as follows. It is further agreed that no coverage exists . . . for . . . claims arising out of: streets, roads, highways or bridges you own, maintain, construct or control. This insurance does not apply to 'bodily injury' or 'property damage' arising out of: 1. *The existence of* streets, roads, highways, bridges . . . and signs, [etc.] . . . 2. The maintenance of the items listed in 1. above, including operations such as . . . erecting or removing . . . road markers, signs or guard rails . . . street or road maintenance. . . ." (Emphasis supplied.)

Appellants contend these exclusions refer expressly to *existing* roads and bridges, whereas their damage claims arise from the *nonexistence* of the demolished bridge. Appellants alternatively contend that Form UND543 and the amending provision are too ambiguous to be enforced against them.

We tend to agree that the language of these two provisions is too uncertain to be enforced as an exclusion. The language of the amended exclusion, Form UND543, is fairly unintelligible, but at best it seems to exclude coverage of claims "arising out of" roads and bridges "unless" such roads or bridges are classified as "existence hazard only," whatever that means; the amending provision seemingly contradicts Form UND543 altogether, by excluding coverage of claims *if* they arise out of "the existence of" roads and bridges.

According to cases cited by the insurer, the phrases "arising out of the existence of" and, particularly, "existence hazard only" seem to be related terms used amorphously by insurers, providing a point which can be litigated tirelessly until a court strains all sense to decipher them. See, e.g., *Northland Ins. Cos. v. City of Montgomery, Ala.*, 418 S2d 881, 883; *Dora Township v. Ind. Ins. Co.*, 400 NE2d 921; compare *American Employers Ins. Co. v. Bd. of County Comm. &c.*, 547 F2d 511 (10th Cir. 1976).

The term "arising out of the existence of" is plainly uncertain and ambiguous, and *if the meaning of it controlled this case*, we would construe it against the insurer and in favor of coverage. *United States Fire Ins. Co.*, supra.

We find, however, that the debate about the meaning of "existence" does not control this case. According to the arguments made on appeal, the plaintiffs' suits are not based upon the "nonexistence" of the bridge, but upon the failure of defendants to provide or maintain adequate barrier or adequate warning that the bridge was out. Even if the "nonexistence" of this bridge were considered to be a hazard for which defendants could be liable in principle, the plaintiffs still must show they exercised reasonable diligence for their own

safety, and the question settles upon the plaintiffs' actions with relation to the adequacy of the barriers. In any case, both the questions of the "nonexistence" of the bridge and adequacy of the barriers and warnings have to do with the *maintenance* of the bridge and of the barriers and warnings.

As to this question of "maintenance," we find the policy language is not ambiguous. It provides in the second provision: "This insurance does not apply to 'bodily injury' or 'property damage' arising out of: . . . 2. The maintenance of the *items* listed in 1. above, including operations such as . . . erecting or removing . . . road markers, signs or guard rails; maintaining guard rails. . . ." (Emphasis supplied.) The "items listed in 1. above" are "roads, highways, bridges . . . traffic lights and signs."

We therefore find that the policy is not ambiguous as to the exclusion of claims arising out of the *maintenance* of the road and of the bridge (which would include its demolition), as well as the signs and road markers warning of the condition of "nonexistence" of the bridge.

The trial court did not err in declaring the claims of the plaintiffs in these combined cases to be excluded from coverage of the liability policy owned by the county. We therefore find it unnecessary to address the remaining arguments of the plaintiffs, which we find without merit in any case.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 17, 1991 —
REHEARING DENIED MAY 6, 1991 — 

*Gerard & Matthews, William T. Gerard,* for appellants.
*Alston & Bird, Jack H. Senterfitt, Heard, Leverett & Phelps, Robert M. Heard, Cynthia G. Weaver, Webb, Carlock, Copeland, Semler & Stair, Frederick M. Valz III,* for appellee.

