## 53710. LEXINGTON INSURANCE COMPANY et al. v. RYDER SYSTEM, INC.

DEEN, Presiding Judge.

1. "[A] contract of insurance couched in language chosen by the insurer is, if open to the construction contended for by the insured, to be construed most strongly, or strictly, against the insurer and liberally in favor of the contention of the insured." *Fokes v. Interstate Life &c. Ins. Co.,* 59 Ga. App. 680 (2 SE2d 170); *Southeastern Fidelity Ins. Co. v. McDonald,* 125 Ga. App. 394, 398 (188 SE2d 162). See also *Aetna Fire Underwriters Ins. Co. v. Crawley,* 132 Ga. App. 181 (1) (207 SE2d 666); *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 675 (222 SE2d 828).

2. The all-risk policy in question covered all personal property owned, leased or used by the insured appellee, and specifically included by endorsement "oil in pipelines." A large quantity of oil leaked out of the underground storage tanks at the insured's place of business, for which it was reimbursed. Claim was also made and refused for the cost of removal from the ground of the fuel which had escaped from the tanks under a removal provision stating: *"Debris Removal.* In the event of claim for physical loss or damage insured hereunder, this company shall also be liable for the cost of demolition and removal of debris formerly an insured part of the property and no longer suitable for the purpose for which

it was intended." It is obvious that the escaped oil was a part of the insured property and was no longer suitable for the purpose intended, but the insurer contends it is not liable for its removal either because it is not "debris" or because it is not subject to "demolition." But debris may mean merely waste material resulting from the destruction of some article, and demolition means simply to do away with, as in Webster's example: "They demolished the meal." Demolition and removal connote separate actions, and demolition usually, as in Durrett v. Woods, 155 La. 533 (99 S 430, 431), means the art of tearing down a structure such as a wall or house. But we do not think, construing the clause in favor of the insured, that the latter must show both a tearing down and a taking away; otherwise, if a structure were burned to the ground so that nothing but ash remained, the insurer could defend on the proposition that it was not liable for removal of the ash because nothing remained to be demolished. The escaped oil which has contaminated the surrounding earth is debris, and its removal is compensable because as oil in storage it was insured.

The trial court correctly denied the appellants' motion for summary judgment and granted that of the appellee.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED APRIL 6, 1977 — DECIDED APRIL 18, 1977.

*Hurt, Richardson, Garner & Todd, Robert L. Todd, Robert B. Wedge,* for appellants.

*Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Ralph H. Greil,* for appellee.