## 65380. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al. v. SULLIVAN.

BANKE, Judge.

The plaintiff/appellee filed suit to recover $1,725.05 allegedly due her under a group medical insurance plan issued by The Equitable Life Assurance Society of the United States, naming as defendants both the insurance company and her former employer, Pet Incorporated. Jury trial was waived, and the case was submitted to the trial court on the following stipulated facts.

After many years of employment with Pet Incorporated, the plaintiff became disabled in December of 1976, due to a respiratory condition later diagnosed as asthma and emphysema. She was terminated 18 months later, on June 9, 1978. On September 11, 1978, she incurred medical and hospital expenses in connection with the removal of a cataract from her left eye. It is these expenses which are the subject of this lawsuit.

The following paragraph appears in the insurance plan: "EXTENDED BENEFITS: B. MAJOR MEDICAL EXPENSE INSURANCE. 1. If at the time a person's Major Medical Expense Insurance terminates (for any reason except payment of the plan's maximum), he is totally disabled by injury or sickness, benefits will be payable as if insurance had not terminated, for Covered Charges incurred while still so disabled *on account of such injury or sickness* ... These benefits shall be payable for Covered Charges incurred within a period ending on the December 31 of the year following the year in which insurance terminated." (Emphasis supplied.)

The defendants asserted in the trial court, and continue to assert on appeal, that this coverage applies by its terms only to expenses incurred for treatment of the injury or sickness which gave rise to the original disability. The trial court rejected this interpretation, concluding, in effect, that the extended benefits apply to all covered charges incurred while the employee remains disabled on account of the injury or sickness which gave rise to the original disability. The defendants originally appealed from the denial of their motion for summary judgment, and we dismissed due to their failure to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (Code Ann. § 6-701). See *Equitable Life Assur. Society v. Sullivan,* 164 Ga.

App. 552 (292 SE2d 567) (1982). The case is now before us again on appeal from the final judgment entered in favor of the plaintiff. *Held:*

It is axiomatic that, in case of ambiguity, a contract of insurance couched in language chosen by the insurer will be construed strictly against the insurer and liberally in favor of the insured. *Lexington Ins. Co. v. Ryder System, Inc.,* 142 Ga. App. 36 (1) (234 SE2d 839) (1977); *Cincinnati Ins. Co. v. Davis,* 153 Ga. App. 291, 294 (265 SE2d 102) (1980). See generally OCGA § 13-2-2 (5) (Code Ann. § 20-704).

The defendants' contention that the policy language at issue is not reasonably subject to a construction in favor of the plaintiff is patently frivolous. While the phrase "on account of such injury or sickness" can, with effort and concentration, be read as a qualification of the verb "incurred," it is much more naturally read as a qualification of the verb "disabled," which it immediately follows. Thus, the paragraph is quite clearly subject to the interpretation that extended benefits will be provided during the pendency of the original disability, subject to the stated time limitation. It follows that the trial court did not err in entering judgment for the plaintiff.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 27, 1983.

*Ronald L. Reid, Charles W. McGrady, R. Wayne Thorpe,* for appellants.

*Timothy A. Pape,* for appellee.