69033. POOLER et al. v. TAYLOR.
(328 SE2d 749)

BEASLEY, Judge.

This appeal was taken from the trial court's order granting the defendant's motion to dismiss the plaintiff's claim. The complaint alleged that plaintiff was the mother and defendant the father of a certain named child; that the parties were not married; that they entered into an agreement whereby the defendant would contribute $45 weekly to the support of the minor child; that defendant failed to abide by the agreement and was in arrears $3,060; that prior to the child's birth defendant agreed to pay doctor, hospital and medical expenses incident to delivery of the child; that defendant refused to pay the $1,366 medical expenses when requested. The complaint sought recovery of the sum of these two amounts plus attorney fees and costs.

The defendant answered the complaint, denying its material allegations, and moved to dismiss it for failure to state a claim. On hearing, the trial judge dismissed the complaint. The order recited: "On

January 7, 1981 Annie C. Pooler and James G. Taylor entered into an oral agreement to provide for the support of Carrie Caroline Taylor, born May 26, 1980, by making payments to the Plaintiff in the amount of $45.00 per week. The consideration for the agreement was the forebearance upon Plainitiff's part in the taking of a criminal warrant for abandonment.

"On August 17, 1982, due to the failure of the Defendant to maintain payments current under the agreement, Plaintiff Annie C. Pooler took a warrant against James G. Taylor for abandonment of the minor child, Carrie Caroline Taylor.

"1. A hearing was held in the State Court of Fulton County on February 23, 1983 in which the Defendant entered a plea of nolo contendere to the abandonment charge: Pursuant to the order of the State Court of Fulton County, the Defendant commenced payments of $110.00 per month on March 1, 1983, and, on July 11, 1983, Defendant agreed to increase in child support to the sum of $150.00 per month. Payments pursuant to the warrant and payments pursuant to the agreed increase are now current.

"Plaintiff seeks to enforce the agreement of January 7, 1981 for payments accruing prior to March 1, 1983.

"The Court holds that:

(1) The Defendant breached the oral contract of January 7, 1981 by failing to make payments to the Plaintiff from November 1981 until March 1983;

(2) The Plaintiff breached the agreement of January 7, 1981 by taking the warrant for abandonment on August 17, 1982." *Held*:

1. As the quoted portion of the order reveals, the trial court considered matter extraneous to the complaint. Strictly speaking, a motion to dismiss deals only with the sufficiency of the complaint which "should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Poole v. City of Atlanta*, 117 Ga. App. 432, 434 (160 SE2d 874) (1968).

When matters outside the pleadings are presented, then the motion is converted to one for summary judgment. *Jaynes v. Douglas*, 147 Ga. App. 678 (250 SE2d 14) (1978). Where there is a conversion of a motion to dismiss into a motion for summary judgment by virtue of the introduction of evidence, "[p]laintiffs were entitled to notice of conversion of a motion to dismiss into a motion for summary judgment and 30 days to respond to such motion." *Riverhill &c. Assn. v. Bd. of Commrs.*, 236 Ga. 856, 859 (226 SE2d 54) (1976). However, since this issue was not raised by plaintiff/appellant we will consider the case without remanding to the lower court inasmuch as the question is one of law. See *Sibley v. City of Atlanta*, 152 Ga. App. 723, 724 (4) (263 SE2d 698) (1979).

"Under the Georgia summary judgment statute (Code Ann. Ch. 110-12), the function of the motion is to avoid a useless trial where there is no genuine issue as to any material fact." *Gen. Gas Corp. v. Carn*, 103 Ga. App. 542, 545 (120 SE2d 156) (1961). Accord *Gen. Ins. Co. v. Camden Constr. Co.*, 115 Ga. App. 189 (154 SE2d 26) (1967). Here there was no showing whatsoever with regard to that portion of the complaint seeking recovery for medical expenses for delivery of the child. That being true, the dismissal of the complaint in its entirety was error and must be reversed.

2. As to the grant of summary judgment on that part of the complaint seeking recovery for failure to make payments pursuant to an agreement by the parties we likewise find error.

The defendant argues that summary judgment was authorized because there was a rescission by the plaintiff, ending any right to recover under the contract. It is also urged that the agreement violates OCGA § 19-10-1 (h).

(a) Regarding OCGA § 19-10-1 (h), the Supreme Court has held that such proviso applies only in proceedings under that section. *Thorpe v. Collins*, 245 Ga. 77, 80 (263 SE2d 115) (1980). While the plaintiff mother may have contemplated seeking a warrant under this section, she was forestalled by the defendant's agreement to make weekly payments. We are not prepared to hold that, where one intended to seek the aid of the criminal law under OCGA § 19-10-1 and even reaches the point of going to the courthouse for the purpose of swearing out a criminal warrant but it is not done, and instead an agreement is reached, such constitutes a "pending case" within the meaning of that code section. The agreement was not reached in the course of a pending abandonment prosecution, where the moving party is the State and the mother is the prosecuting witness. In those instances, the Code requires the court in which the abandonment prosecution is already pending to approve the agreement, because it is substantially a trial diversion device, or a substitute for a sentence which would order child support payments as a condition of a suspended sentence of confinement. OCGA § 42-8-34 (d).

At the time of the enactment of OCGA § 19-10-1 (then Code Ann. § 74-9902), section 3 of the statute provided: "The provisions of this Act and the remedy provided herein are intended to be in addition to and cumulative to all other existing laws relating to paternity, child support, or other subjects covered herein; and this Act shall not be construed to limit the operation of or repeal any such existing law." Ga. L. 1980, pp. 1374, 1381.

It is therefore evident that recovery of the damages sought did not fall within the purview of OCGA § 19-10-1; furthermore, the fact that the trial judge in the criminal case dealt only with the matter of support payments from that point on (March 1983), in effect reducing

them from the amount of $45 weekly previously agreed upon by the mother and father, to $110 monthly and later $150 monthly, and did not provide for coverage of past support payments (arrearage), would not preclude the plaintiff from the contractual remedy now sought. The record does not show, in its summary judgment posture, that the criminal court found that no arrearages were due. In fact, that court could not have accepted a nolo contendere plea if there had not been a factual basis for finding that defendant had criminally abandoned his child.

(b) We turn to rescission, which is apparently the basis on which the trial judge denied recovery. "When a contract is rescinded, the parties are not to be left where the rescission finds them. The original status must be restored, or an equivalent therefor must be provided in the contract or furnished by the law. Civil Code [1895], §§ 3710, 3711, 3712. Generally speaking, rescission is in toto. It abrogates the contract, not partially but completely. It leaves the rights of the parties and the amount of the damages, if any, to be determined, not by the rescinded contract, but by the court of equity." *Eller v. McMillan*, 174 Ga. 729, 732 (163 SE 910) (1932). Rescission does not occur automatically. "The failure of a party to perform his part of a contract does not per se rescind it; the other party must manifest his intention to rescind." 17 AmJur2d 990, Contracts, § 509. It should be observed that many months elapsed between the time the defendant ceased making any payments towards the support of his child and the time the plaintiff brought a warrant for abandonment. During that time, plaintiff continued to seek performance on the defendant's part and gave no indication that she considered the contract of no effect or that she desired to terminate or rescind it, at least with regard to the period up to March 1983.

Without agreeing that plaintiff herself violated the contract, even a party who has himself breached a contract (and may have lost the right to rescind) is entitled to recover damages as against the other party who has failed in his contractual obligations. In so holding the Supreme Court (*Martin v. Rollins, Inc.*, 238 Ga. 119, 121 (2) (231 SE2d 751) (1977)) reasoned: "Because a remedy is afforded one who has not wilfully or deliberately failed to perform, although there has been no nonperformance by the other party, redress should be allowed a fortiori when the other party has also not performed." The Court of Appeals decision which was affirmed by *Martin*, supra, held that parties who first breached the contract "forfeited their right to insist that the other party comply strictly with its terms." *Martin v. Rollins, Inc.*, 138 Ga. App. 649, 652 (226 SE2d 771) (1976).

Since the facts must be tested by principles of summary judgment, the proof was insufficient to establish rescission as a matter of law. That being true, summary judgment was improper as to this is-

sue also, even if rescission is an issue.

Moreover, and what is even more fundamental, as has been stated earlier, the remedies are not exclusive. The parents' entering into a contract to make child support payments did not abrogate the State's right to bring charges against the father for failure to meet his statutory obligations to provide support, the child's right to that support, or the mother's right to seek the relief provided by law in the event the father failed in his agreement. By entering into the agreement, and in the absence of an express waiver, the mother did not limit her remedies to a suit for breach of contract and relinquish the right to seek the remedy provided by the criminal statutory law for the protection of the rights of minor children. When defendant failed to pay the support he had agreed to, he not only breached his contractual duty to *her*, he violated the law by failing to fulfill his statutory obligations to the *child*. OCGA § 19-10-1 (a) requires fathers and mothers to "furnish sufficient food, clothing, or shelter for the needs of the child," or be subject to criminal prosecution. In addition, OCGA § 19-7-24 requires "each parent of an illegitimate child to provide for the maintenance, protection, and education of the child until he reaches the age of majority, except to the extent that the duty of one parent is otherwise or further defined by court order."[1] In seeking the State's help only when he failed to pay, which she had agreed she would not do so long as he paid, and in getting relief for the child as to *future* payments for child support but not satisfaction of the accumulated arrearage based on his promise to her, there was no valid conclusion of rescission by way of a "breach" by the mother.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 14, 1985.

*William R. Jenkins*, for appellants.
*H. Martin Huddleston*, for appellee.

---

[1] See *Forrester v. Buerger*, 241 Ga. 34, 35 (244 SE2d 345) (1978), which refers to the rights of the *child*.