## 74822. HILDE v. UNITED STATES FIRE INSURANCE COMPANY.

(362 SE2d 69)

BIRDSONG, Chief Judge.

Dismissal for Failure to State Action — Denial of Summary Judgment. Richard Hilde is the insured of United States Fire Insurance Company. Hilde operates an aircraft to spray chemical insecticides for agricultural purposes. The policy of insurance provided that necessary certification of financial responsibility required by the Georgia Pesticide Use and Application Act had been established by Hilde through the insurance coverage provided by U. S. Fire to cover damages to agricultural crops, plants, or land caused by the use of chemicals, dusting powders, and the like except as to land being worked upon, i.e., coverage for adjoining crops, plants or land caused by drifting pesticides. An exception to the coverage was included where the aircraft was used for aerial application where the insured (Hilde) had failed to comply with federal, state or local laws or regulations which were applicable to the aerial dusting or spraying of chemicals.

It is undisputed that on or about June 8-9, 1982, Hilde applied a chemical compound, paraquat, to a crop of wheat of approximately 40 acres. Some of this paraquat drifted onto adjacent lands. It likewise is undisputed that the type of aerial spraying of paraquat employed constituted a violation of the laws of Georgia and federal regulations, as a result of which Hilde received administrative punishment.

Adjoining landowners filed complaints against Hilde seeking compensation for the damage to their crops, plants and land. Hilde referred the complaints to U. S. Fire for defense. Because Hilde had violated a state law and federal regulations in spraying paraquat, U. S. Fire concluded that the exclusion voiding coverage for aerial spraying in violation of law and/or regulation warranted the filing of a declaratory judgment action seeking a clarification of its ultimate liability or responsibility to file defenses on behalf of Hilde. U. S. Fire obtained a temporary restraining order to the prosecution of the claims pending the determination of the declaratory judgment action, filed a reservation of rights with Hilde and proceeded with the declar-

atory judgment action. The trial court found that the asserted exclusion ran afoul of OCGA § 33-24-30 which states as a matter of public policy that violations of law involving the operation of an aircraft will not void otherwise valid coverages. It declared the exclusion void. U. S. Fire sought an appeal to this court of the adverse ruling in its declaratory judgment action. Upon review, this court held that OCGA § 33-24-30 (a) prohibits policy provisions which are based upon the general operation of an aircraft in violation of civil air regulations. We determined the policy exclusion involved in this case did not fall within that broad statutory proscription, for the policy exclusion in this coverage constituted a specific limitation on the use of the aircraft, not its general operation. We held that as a limitation on the use of the aircraft, the exclusion was permitted as an exclusion under OCGA § 33-24-30 (b) (4). We held therefore the trial court erred in ruling the exclusion was prohibited and void. *United States Fire Ins. Co. v. Hilde*, 172 Ga. App. 161, 162 (322 SE2d 285). Nevertheless, we construed the two conflicting provisions as to coverage and non-coverage and applied a "common sense" interpretation. We held that one generally is not legally required to pay for injury or damage unless there is a violation of some principle of law applicable to the occurrence. This court then construed "some principle of law" as not being necessarily restricted to a written law or regulation but that it could be interpreted to include the general principles of the law of negligence. Thus we concluded that because Hilde desired insurance coverage for the unintentional damage to crops, plants or land caused by his spraying operations, a clause that precluded such coverage because of a "violation of law" (including the law of negligence) would render his desired coverage nugatory and meaningless. Inasmuch as the clauses were inconsistent and repugnant, we construed the repugnancy in the light most favorable to the insured. Thus we concluded the policy did provide coverage. *U. S. Fire Ins. Co.*, supra at p. 164. Upon remand following the first decision of this court, U. S. Fire entered an answer to each complaint and reached a final settlement with each claimant.

Hilde then filed the present complaint seeking attorney fees and cost of the previous litigation, contending that U. S. Fire had no reasonable grounds for filing the declaratory judgment action and unnecessarily compelled Hilde to defend the declaratory judgment. U. S. Fire filed a motion to dismiss the action for failure to state an action and concurrently for summary judgment as well. Hilde likewise filed a motion for summary judgment. The trial court granted the motion to dismiss and denied Hilde's motion for grant of summary judgment. Hilde brings this appeal seeking review of the orders of the trial court. *Held*:

We are not dealing in this case with an action to recover penalties

and attorney fees based upon the refusal of an insurer to pay a claim within 60 days. OCGA § 33-4-6. The facts show that as soon as no further question existed as to U. S. Fire's liability to defend the claims for damage, U. S. Fire promptly satisfied those claims with no additional liability to Hilde. Compare *Key Life Ins. Co. v. Mitchell*, 129 Ga. App. 192, 194 (4) (198 SE2d 919). As we view it, U. S. Fire's reluctance to undertake the defense of Hilde's wrongful use of paraquat was based upon a reasonable (though erroneous) reading of an exclusionary provision in the contract providing no coverage in those situations where the damage was caused by an act in violation of a written law or regulation. There was no dispute that Hilde had violated a law when he sprayed with paraquat, the direct proximate cause of the damage. Certainly it is within the contemplation of the use of the judicial system that every person, natural or artificial, has a right to have his rights under a contract adjudicated, subject to the rule that the testing of liability must not be infected with bad faith, fraudulent intent or be the result of stubborn litigiousness. See *Maryland Cas. Co. v. Sammons*, 63 Ga. App. 323, 327 (11 SE2d 89). It follows that in determining whether the bringing of a declaratory judgment action to test its potential liability, the trial court had to decide whether U. S. Fire acted reasonably or acted solely in bad faith, with fraudulent intent or with stubborn litigiousness. The burden was on Hilde to show that U. S. Fire acted in bad faith. Bad faith means any frivolous and unfounded purpose in law or in fact in refusing to undertake a contractually promised defense assistance. Provisions for damages in the form of court costs and attorney fees should flow only from a determination that the company had in bad faith denied its contractual obligation. The right to a recovery must be shown clearly. See *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703, 704 (302 SE2d 605).

We as a court have held previously that if an insurer discovers a state of facts possibly constituting noncoverage, the insurance company may seek to enter into a reservation of rights with the insured or give the insured a timely unilateral notice of its reservation and nonwaiver of rights, including notice of an intention to seek immediate declaratory relief. Thereafter the insured should take necessary steps to prevent the main case from going into default or prevent the insured from otherwise being prejudiced and seek immediate declaratory clarification while keeping a stay in the main case pending resolution of the declaratory judgment action. *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 219 (231 SE2d 245). It is manifest that U. S. Fire followed the suggested procedure without deviation. In short, we can find no fault with the trial court's conclusion that U. S. Fire's actions sought an answer to a legitimate question of law and reflects utmost good faith. This court previously has

concluded as a matter of law the contested exclusionary clause was a permissible exclusion insofar as the use of the aircraft was concerned. So far as we can ascertain, the first appearance of the *Hilde* case introduced into the dispute for the first time the concept that a "violation of law" (where concededly a written law had been violated) included negligent action within its definition. We believe it would be straining at the proverbial gnat to conclude that prior to that conclusion by this court any reasonable person would automatically perceive a negligent act is the same as a violation of a written statute or regulation in a contract designed to limit the use of an aircraft in dangerous activities to uses tightly controlled by law.

We might be more inclined to agree readily with the position taken by Hilde if this case involved an intractable and wrongful refusal to undertake a defense or a refusal to pay any claim at all. However, this case involves only the expenses incurred in the defense of what obviously appears to be a legitimate request for a declaration of rights through the use of a declaratory judgment action. Because we have concluded the right to seek declaratory judgment was an inherent right in one of the contracting parties and was not based on bad faith, we will not punish the exercise of a right or chill its exercise by making the seeking of a declaratory judgment a potentially expensive gamble.

While the trial court denominated this case as a dismissal for failure to state a claim, it is clear the trial court considered substantial facts outside the pleadings. In such a case the motion was necessarily and as a matter of law converted into a summary judgment. *Pooler v. Taylor*, 173 Ga. App. 859, 860 (1) (328 SE2d 749); *Jaynes v. Douglas*, 147 Ga. App. 678 (250 SE2d 14). Hilde had filed his motion for summary judgment on January 23, 1987. The motion to dismiss (including an alternative motion for summary judgment) was filed by U. S. Fire on February 6, 1987, along with the response to Hilde's motion for summary judgment. The final order was entered as to Hilde's summary judgment as well as to the motion to dismiss on February 12, 1987. Though the 30-day notice between the filing and order was not fully satisfied, Hilde did not then and does not now raise the question of notice; thus the timeliness issue has been waived. *Pooler v. Taylor*, supra; *Sibley v. City of Atlanta*, 152 Ga. App. 723, 724 (4) (263 SE2d 698). Indeed as to notice, we observe that in its reply brief to Hilde's motion for summary judgment, U. S. Fire makes reference to its motion for summary judgment. Considering the record in its entirety, we are satisfied the summary judgment hearing held under the authority of OCGA § 9-11-12 discloses there is no genuine issue of any material fact and thus no error in the denial of summary judgment to Hilde nor grant to U. S. Fire in the guise of a dismissal. *Myers v. McLarty*, 150 Ga. App. 432 (258 SE2d 56).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 23, 1987 —
REHEARING DENIED OCTOBER 22, 1987.

*Phillips D. Hamilton, Michael L. Wetzel,* for appellant.
*S. Hayward Altman,* for appellee.