S89G0503. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY v. BURNETTI.
(387 SE2d 570)

WELTNER, Justice.
Burnetti filed suit to recover "no-fault" benefits as a pedestrian, claiming that he was injured when he was forced to leap from the path of an oncoming automobile. There was no physical contact between him and the automobile. The insurer of the automobile filed a motion for summary judgment, which was denied by the trial court, and affirmed on appeal. *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Burnetti,* 192 Ga. App. 593 (385 SE2d 446) (1989). We granted certiorari.

1. OCGA § 33-34-7 (a) (3) provides that "no-fault" benefits must be paid for economic loss resulting from:

Accidental bodily injury sustained by any other person as a result of being struck by the owner's motor vehicle while a pedestrian in this state.

2. There is no doubt that Burnetti was a "pedestrian" at the time of the incident. Similarly, there is no doubt that he was *not* "struck

by the owner's motor vehicle."[1]

3. We think that the public policy in favor of certainty and reliability in the interpretation of the statute must prevail.[2] Accordingly, we interpret that language ("as a result of being struck by the owner's motor vehicle . . .") to fix as *sine qua non* for recovery of benefits by an injured pedestrian the circumstance of "being struck by the owner's motor vehicle." To hold otherwise would, we fear, becloud the statute, and would place upon the courts the duty of determining on an *ad hoc* basis an infinite variety of claims arising from alleged "near-misses" and sudden emergencies.

4. The motion for summary judgment in favor of the insurer should have been granted by the trial court.

*Judgment reversed. Clarke, C. J., Smith, P. J., Weltner, Bell and Fletcher, JJ., and Judge Joe C. Crumbley concur. Hunt and Benham, JJ., not participating.*

DECIDED JANUARY 30, 1990.

*Wildman, Harrold, Allen, Dixon & Branch, Alfred B. Adams III, Frank O. Brown, Jr.,* for appellant.

*Carter & Butt, Eugene D. Butt,* for appellee.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Robin L. Peek, Joseph B. Atkins,* amicus curiae.

---

[1] The Court of Appeals relied upon the language of *Johnson v. National Union Fire Ins. Co.*, 177 Ga. App. 204, 205 (338 SE2d 687) (1985), as follows: " 'The "striking" force can be either the force which most immediately comes in contact with the object struck, or it can be the force setting in motion a chain of events leading up to the striking of an object.' " In that case, one vehicle struck a parked vehicle, propelling the latter against a pedestrian. In *Johnson*, the pedestrian was struck by a vehicle. In this case, it was *Burnetti* who was the "striking" object, albeit, as he claims, as a matter of dire and imminent necessity.

[2] Note that Burnetti may plead a common law cause of action in tort against the driver of the vehicle, independent of the outcome of this appeal.