A92A0624. ATLANTA CASUALTY COMPANY v. TUCKER.
A92A0625. ATLANTA CASUALTY COMPANY v. WATSON.
(420 SE2d 344)

CARLEY, Presiding Judge.

The facts relevant to the resolution of the instant appeals are as follows: At an intersection, there was a collision between a vehicle op-

erated by Mr. Jimmy Taylor and a vehicle owned and operated by Ms. Brenda Williams. As the result of this collision, Taylor's vehicle struck appellee-plaintiffs as they stood on the nearby sidewalk. Williams' insurer was appellant-defendant and, although Williams' vehicle never came into physical contact with appellees, they made claims upon appellant for no-fault benefits. When these claims were denied, appellees filed the instant suits against appellant, seeking to recover no-fault benefits under Williams' policy and statutory penalties and attorney's fees. After discovery, cross-motions for summary judgment were filed. The trial court granted summary judgment in favor of appellees as to appellant's liability for coverage, but denied summary judgment as to appellant's liability for statutory penalties and attorney's fees. Appellant appeals from those orders and the two cases are hereby consolidated for appellate disposition in this single opinion.

1. Former OCGA § 33-34-7 (a) (3) provided that no-fault benefits were payable for accidental bodily injury sustained "as a result of being struck by the owner's motor vehicle while a pedestrian. . . ." It is undisputed that appellees were pedestrians who were struck by a vehicle. The question presented for resolution is whether appellees were struck by Williams' vehicle.

Appellees were not struck by Williams' vehicle, in the sense of immediate physical contact between their persons and her vehicle. It was only Taylor's vehicle which made physical contact with appellees. However, " '[t]he "striking" force can be either the force which most immediately comes in contact with the object struck, or it can be the force setting in motion a chain of events leading up to the striking of an object.' " *Johnson v. Nat. Union Fire Ins. Co.*, 177 Ga. App. 204, 205 (1) (338 SE2d 687) (1985). It is undisputed that the force of the collision with Williams' vehicle set in motion a chain of events leading up to the striking of appellees by Taylor's vehicle. "[W]here one vehicle is propelled by another vehicle into a . . . pedestrian, both the propelling vehicle and the propelled vehicle have 'struck' the . . . pedestrian within the meaning of [former] OCGA § 33-34-7." *Collins v. Intl. Indem. Co.*, 256 Ga. 493, 496 (349 SE2d 697) (1986) (On Motion For Rehearing). Since Taylor's vehicle was "propelled" into appellees by the force of the collision with Williams' vehicle, they were struck by both vehicles.

It is true that the collision itself may have been caused by Taylor rather than Williams. However, a determination of who was at *fault* in causing the collision is irrelevant to the determination of appellees' entitlement to no-fault benefits. In order for appellees to be entitled to no-fault benefits under Williams' policy, it is only necessary that the *force* of a collision in which her car was involved set in motion the chain of events leading up to the striking of appellees. Regardless of who was at fault in causing the collision, it is undisputed that it was

the force of that collision which caused Taylor's vehicle to strike appellees. It follows that appellees were also "struck" by the propelling force of Williams' vehicle and that they are, therefore, entitled to no-fault benefits under Williams' policy. The trial court correctly granted summary judgment in favor of appellees as to appellant's liability for coverage.

2. "The insurer's good faith or lack thereof is generally a question for the jury. [Cits.] This is such a case. [Cits.]" *Wages v. Atlanta Metro Taxicab Group*, 193 Ga. App. 601, 602 (388 SE2d 733) (1989). Accordingly, the trial court correctly denied summary judgment as to appellant's liability for statutory penalties and attorney's fees.

3. Appellees' motions for frivolous appeal damages are denied.

*Judgments affirmed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 16, 1992.

*Murray & Temple, William D. Strickland,* for appellant.

*Finch, McCranie, Brown & Thrash, Richard W. Hendrix,* for appellees.