## A96A1581. FIRST FINANCIAL INSURANCE COMPANY v. AMERICAN SANDBLASTING COMPANY.
### (477 SE2d 390)

POPE, Presiding Judge.

Defendant First Financial Insurance Company issued a general liability policy to plaintiff American Sandblasting Company. The policy provided coverage for the painting of structures three stories or less in height. Plaintiff was painting a bridge less than three stories tall when paint overspray damaged numerous vehicles on a car dealer's lot. Within 30 days after plaintiff filed a claim, defendant denied coverage. Plaintiff requested reconsideration and notified defendant that it intended to seek bad faith damages if defendant continued to deny the claim. Defendant reiterated its denial. More than 60 days later, plaintiff filed suit for the overspray damages it paid the car dealer. It also sought bad faith damages and attorney fees pursuant to OCGA § 33-4-6. Subsequently, the trial court granted partial summary judgment to plaintiff regarding defendant's liability under the policy, but reserved the issue of bad faith damages and attorney fees for trial. Following a bench trial, plaintiff was awarded these damages.

1. Defendant contends plaintiff's claim was not covered under the policy due to an exclusion clause, and thus the trial court erred in granting plaintiff partial summary judgment. We disagree.

It is well settled that insurance policies, even when ambiguous, are to be construed by the court, and no jury question is presented unless an ambiguity remains after application of the applicable rules of contract construction. *Alley v. Great American Ins. Co.,* 160 Ga. App. 597, 599 (287 SE2d 613) (1981). "Because insurance policies are contracts of adhesion, drawn by the legal draftsman of the insurer, they are to be construed as reasonably understood by an insured. Exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a

duty to define any limitations on that coverage in clear and explicit terms." (Citation and punctuation omitted.) *St. Paul Fire &c. Ins. Co. v. Snitzer*, 183 Ga. App. 395, 397 (1) (358 SE2d 925) (1987).

Here, the exclusion clause provides that: "This insurance does not apply to . . . 'property damage,' . . . arising out of pile driving, caisson, coffer dam, subway, sewer, tunnel, bridge, dam, subaqueous or dredging construction or operations." Defendant contends that painting a bridge constitutes "bridge operations," and thus that the exclusion clause is applicable. Specifically, defendant argues that the term "operations," which is not defined in the policy, means the "doing or performing of a practical work or of something involving the practical application of principles or processes. . . ." See Webster's Third New Intl. Dictionary at 1581 (1b) (1981). According to defendant, the process at issue here is painting, and the act of painting constitutes the application of that process, in this case, to a bridge. While such an interpretation is plausible, it is clear that the term "operations," as used in the clause at issue, is capable of more than one reasonable interpretation. As plaintiff argues, "operation" also is defined as "the quality or state of being functional or operative —" or "the operating of. . . ." See Webster's at 1581 (2b), (10). Consequently, "bridge operations" could reasonably refer to the functioning of or operating of a bridge, such as a drawbridge or toll bridge. Under such an interpretation, the exclusion clause would not apply.

"[I]f an insurance contract is capable of being construed two ways, it will be construed against the insurance company and in favor of the insured." (Citation omitted.) *Claussen v. Aetna Cas. &c. Co.*, 259 Ga. 333, 334-335 (1) (380 SE2d 686) (1989). Applying this rule of construction, as well as those mentioned above, we conclude that the exclusion clause is not applicable. Accordingly, the trial court did not err in granting plaintiff's partial summary judgment motion.

2. We also reject defendant's contention that the trial court erred in awarding plaintiff bad faith damages and attorney fees pursuant to OCGA § 33-4-6. The question of bad faith is for the trier of fact, *Snitzer*, 183 Ga. App. at 397 (2), and a "judgment (for bad faith penalties and attorney fees) should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." (Citation and punctuation omitted.) *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703, 707 (1) (302 SE2d 605) (1983). In the instant case, there was evidence to support the judgment. Plaintiff clearly pointed out to defendant in correspondence that the term "operations" was capable of more than one interpretation when given a common dictionary meaning. Plaintiff also advised defendant of the well known rule of construction which dictates that language in an insurance

contract capable of more than one construction be construed in favor of the insured. Armed with such knowledge, it cannot be said as a matter of law that defendant had a reasonable defense or probable cause to deny plaintiff's claim. Defendant also failed to follow the recommended procedure for contesting coverage in cases like this. See *Hilde v. U. S. Fire Ins. Co.*, 184 Ga. App. 611 (362 SE2d 69) (1987). Accordingly, the judgment was proper. *Snitzer*, 183 Ga. App. at 397 (2).

*Judgment affirmed. Andrews, J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I agree that the trial court correctly granted partial summary judgment to plaintiff, but not because the term "bridge operations" in the endorsement is ambiguous.

The damage occasioned by plaintiff's activities did not arise out of construction or operation of a bridge; instead, plaintiff was maintaining an existing bridge, and maintenance is not excluded from coverage. As noted in Division 1, it is the insurer's duty to define clearly and explicitly limitations on coverage. *St. Paul Fire &c. Ins. Co. v. Snitzer,* 183 Ga. App. 395 (358 SE2d 925) (1987). Defendant was indeed careful to enumerate and exclude hazardous activities arising from construction and operation of bridges. Had the drafters of the policy wished to exclude painting as well, they could have done so. Because maintenance was not excluded, defendant was obligated by the terms of the policy to provide coverage to plaintiff. Moreover, since the policy clearly did not exclude plaintiff's activities from coverage, I agree that the trial court did not err in its award of bad faith damages and attorney fees.

DECIDED OCTOBER 16, 1996.

*Crim & Bassler, Terence D. Williams, Michael O. Sheridan*, for appellant.
*Kim G. Meyer*, for appellee.