A98A0654. CINCINNATI INSURANCE COMPANY v. KASTNER et al.
(504 SE2d 496)

POPE, Presiding Judge.

This lawsuit was filed by Rhonda and Thomas Kastner to recover insurance benefits under their homeowner's insurance policy with Cincinnati Insurance Company ("Cincinnati") from a claim arising out of a burglary. The case was tried without a jury, and the court ruled in favor of the Kastners, finding coverage under the policy and awarding the Kastners bad faith damages and attorney fees. Cincinnati appeals, and for the following reasons, we affirm.

Viewing the evidence in the light most favorable to the verdict, the Kastners obtained a homeowner's insurance policy with Cincinnati in 1993, which policy protected them from several perils, including property loss "when it is likely that the property has been stolen." The policy excluded losses by theft "committed by an insured."

During the weekend of March 4-6, 1995, the Kastners moved from a townhouse which they had been renting, located on West Gordon Street, to another residence. At the time of the move, Mr. Kastner was the chairman of the architecture department at Savannah College of Art & Design where Ms. Kastner was a full-time professor. The movers arrived on March 4.

After spending the night in their new residence, the Kastners returned to their West Gordon Street home on March 5 and found the door on the ground floor standing wide open. They discovered that the contents of boxes had been heaped on the floor and the house appeared to have been ransacked. The Kastners also discovered that items of personal property covered by the insurance policy had been stolen. Although there was no evidence of forced entry, the Kastners eventually found five doors open which had previously been locked with deadbolt locks and which could be opened *only* with a key. The Kastners testified that they had left the doors locked the previous night.

Upon discovering the theft, the Kastners immediately telephoned the police and reported the burglary. The following day the Kastners reported the loss to their local insurance agent, who forwarded notice of the burglary to Cincinnati.

The Kastners sent Cincinnati a sworn proof of claim with a list of the items that they could recall which had been stolen. Later, the Kastners gave lengthy sworn statements to the company. After some

investigation, Cincinnati denied coverage, claiming that: (1) it had not been provided sufficient information to establish that a covered loss had occurred; (2) it had determined that no burglary of the premises had occurred; and (3) the Kastners had made material misrepresentations in their sworn statements about the burglary.

The Kastners filed suit against Cincinnati, seeking the applicable insurance policy limit, in addition to penalties and attorney fees under OCGA § 33-4-6. The case came on for a bench trial, and after hearing the evidence, the trial court entered judgment in favor of the Kastners for $84,538.25 — consisting of $47,630.60 in insurance proceeds, $11,907.65 for bad faith penalties and $25,000 in attorney fees. In its 17-page judgment, the trial court stated that though there was no bad faith in Cincinnati's *initial* handling of the claim, the insurer's intransigence in handling the claim later became bad faith. The court stated: "as the investigation proceeded, it appears that Defendant's investigators allowed mistaken preconceptions and distaste for personal dealings with the upset Kastners to taint their investigation and to overshadow the lack of evidence to support their theory that the Kastners had staged the burglary." The court further noted that Cincinnati had failed to follow important investigative leads which would have supported the Kastners' claim that an unauthorized person had taken their belongings.

1. Cincinnati claims that the trial court erred as a matter of law when it found that the Kastners were entitled to damages for bad faith under OCGA § 33-4-6. Cincinnati argues that the evidence established at least 73 facts showing that no burglary ever occurred, including: that the Kastners were facing future financial difficulty; that there was no evidence of forced entry; that all of the keys had been accounted for by the Kastners; that the Kastners' conduct was inconsistent with a burglary; that Ms. Kastner did not initially report her engagement and wedding rings as missing, but later claimed that they were; that an investigating detective believed that the evidence was not completely consistent with the Kastners' claim; and that the Kastners' reports of loss varied several times.

"In determining whether the evidence is sufficient to support the verdict, the proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." (Citations and punctuation omitted.) *Massachusetts Bay Ins. Co. v. Hall*, 196 Ga. App. 349, 356 (3) (395 SE2d 851) (1990); see also *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263, 265 (1) (253 SE2d 745) (1979). "To support a cause of action under OCGA § 33-4-6, the insured bears the burden of proving that the refusal to pay the claim was made in bad faith. A defense going far enough to show reasonable and probable cause for making it[ ] would

vindicate the good faith of the company as effectually as would a complete defense to the action." (Citations and punctuation omitted.) *Southern Fire &c. Ins. Co. v. Northwest Ga. Bank*, 209 Ga. App. 867 (2) (434 SE2d 729) (1993).

Furthermore, "it is the very fact that certain factual issues regarding the merits of a claim are in genuine conflict that causes there to be no conflict, as a matter of law, whether an insurance company had reasonable grounds to contest a particular claim. *In reaching this determination a court should carefully scrutinize any claim of a contest in facts to preclude the reliance by an insurance company on fanciful allegations of factual conflict to delay or avoid legitimate claims payment.*" (Emphasis supplied.) *Rice v. State Farm &c. Co.*, 208 Ga. App. 166, 169 (1) (430 SE2d 75) (1993).

In the instant case, we have carefully scrutinized the evidence, and we cannot conclude that, as a matter of law, Cincinnati had a reasonable defense which vindicates its good faith. Compare *Grange Mut. Cas. Co. v. Law*, 223 Ga. App. 748, 750 (2) (479 SE2d 357) (1996). It appears that Cincinnati's refusal to pay was based, in large part, on the fact that there had been no forced entry and that the Kastners' accounts of the missing items and of the location of the keys to the deadbolt doors were somewhat inconsistent. Nevertheless, the inconsistencies in the Kastners' accounts upon which Cincinnati relies were minor. On the other hand, there was evidence that access to the West Gordon Street residence from the townhouse next door was relatively easy and that the Kastners' neighbor had seen a stranger in the courtyard of the townhouse on the afternoon of March 4. There was evidence that the West Gordon townhouse was for sale and that various people, including the movers, had recently been allowed access to the house. There was no evidence that the Kastners had facilitated or staged the burglary nor was there evidence that the Kastners were in possession of the items they claimed had been stolen. We find no error in the court's judgment.

2. Citing its policy provision regarding misrepresentations, Cincinnati argues that the trial court erred in determining that the Kastners did not make material misrepresentations during its investigation which voided the policy. This enumeration is also without merit. See generally *Nationwide Mut. Fire Ins. Co. v. Wiley*, 220 Ga. App. 442 (1) (469 SE2d 302) (1996).

3. Finally, Cincinnati contends that the court erred in concluding that the Kastners' testimony was not impeached and should not have been disregarded under OCGA § 24-9-85 (b). Contrary to Cincinnati's contentions, we find no error.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 7, 1998 —
RECONSIDERATION DENIED JULY 28, 1998 — 

Goodman, McGuffey, Aust & Lindsey, Edward H. Lindsey, Jr., Tracy M. Culver, Ernest R. Bennett, Jr., for appellant.

Weiner, Shearouse, Weitz, Greenberg & Shawe, N. Harvey Weitz, Edwin R. Byck, for appellees.